UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-175-MOC

| | |
|---|---|
| BRIDGETT R. HYLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| LELAND DUDEK, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter (Doc. No. 15). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed an objection within the time allowed. (Doc. No. 16).

**I.      Background**

In October 2020, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on March 1, 2020. On March 16, 2023, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. On appeal to this Court, Plaintiff alleged the ALJ's decision included the following errors: (1) the ALJ failed to explain why the ALJ did not include an RFC limitation to "short" instructions as opined by Dr. Harrison and (2) the ALJ erred in failing to define the non-vocationally relevant phrase "low stress work setting." In a Memorandum and Recommendation dated February 25, 2025, the Honorable U.S. Magistrate Judge David C. Keesler recommended that the Commissioner's decision be affirmed. Plaintiff filed an objection to the magistrate's recommendation.

## II. Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## III. Discussion

In Plaintiff's objection to the magistrate judge's recommendation, Plaintiff first contends that the ALJ's discussion of opinion evidence does not explain the ALJ's omission of Dr. Harrison's opined limitation to "short" instructions. Plaintiff argues that because the ALJ did not assign greater persuasive value to the opinions of Dr. Newton and Dr. Harris (whose opinions did not include a limitation to "short" instructions) than to the opinion of Dr. Harrison (whose opinion included a limitation to "short" instructions), or specifically explain the exclusion of a limitation to "short" instructions from the RFC, it remains unclear why the ALJ's RFC does not include a limitation to "short" instructions. (AR 28–29; see Pl. Br. (doc. 6), Pl. Reply Br. (doc.

14)). Plaintiff further argues that the ALJ's production-related definition is insufficiently clear for substantial evidence to support the decision.

Plaintiff raised both assignments of error before the magistrate judge, and the magistrate judge rejected both arguments, finding that substantial evidence supported the ALJ's findings. The Court has carefully considered Plaintiff's arguments as well as the thorough analysis provided by the magistrate judge in rejecting Plaintiff's assignments of error. The Court finds that the magistrate judge correctly affirmed the ALJ's decision, which was supported by substantial evidence. The Court further determines that the recommendation of the magistrate judge is fully consistent with and supported by current law.

### IV. Conclusion

After careful review, the Court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Based on such determinations, the Court will fully affirm the M&R.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection (Doc. No. 16) is **OVERRULED**, and the Memorandum and Recommendation (Doc. No. 15) is **AFFIRMED**. Thus, the Commissioner's decision is affirmed.

The Clerk shall terminate the parties' briefs, which have been filed as motions. (See Doc. Nos. 6, 13).

Signed: March 27, 2025

Max O. Cogburn Jr.
United States District Judge